Dennis Earl TROTTY, Appellant,

v.

The STATE of Texas, State.

No. 2–89–169–CR.

Court of Appeals of Texas,
Fort Worth.

April 18, 1990.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and J. Rex Barnett, Asst. Dist. Atty., Fort Worth, for State.

Before HILL, MEYERS and DAY, JJ.

OPINION

DAY, Justice.

Appellant was charged by complaint and information with the offense of unlawfully carrying a weapon, with one enhancement paragraph alleging a prior conviction for burglary of a habitation. Appellant pled not guilty and was convicted by a jury of the charged offense. At the punishment phase of the trial, appellant declined to enter a plea to the enhancement allegation and the court entered a plea of "not true" in appellant's behalf. The jury found the enhancement allegation to be true, and sentenced appellant to a one year confinement.

We affirm.

At the time of the offense, appellant had been estranged from his wife, Angelica Trotty, and their three children for approximately one and one-half years. During the estrangement, appellant's wife had been seeing another man, Jessie T. Johnson. Mrs. Trotty sometimes stayed with her boyfriend but she maintained her residence

at the home of her grandmother, Vera Dawkins.

On the date of the offense, eighteen days after appellant's release from prison, he appeared at Vera Dawkins' house. Mrs. Dawkins was alone with the children and asked appellant not to come in the gate because her granddaughter did not want him to be with the children. Appellant ignored Mrs. Dawkins' plea, entered the gate, and came on to the Dawkins' porch. A short time later, appellant's wife, Jessie Johnson, and Randolph Dawkins, appellant's father-in-law, returned to Mrs. Dawkins' house to find appellant on the front porch.

Jessie Johnson, Angelica Trotty, and Vera Dawkins testified that an argument ensued between appellant and his wife and during the argument, appellant made a threatening move towards a weapon carried under his shirt. When appellant reached under his shirt, Jessie Johnson grabbed appellant who pulled a .32 caliber handgun out of the waistband of his pants. Appellant and Jessie Johnson struggled over the pistol, which was finally taken from appellant by Randolph Dawkins. Appellant denied that the pistol was his, insisting that the first time he had seen the weapon was when it was lying on the ground during his struggle with Jessie Johnson.

■ In his first point of error, appellant contends the trial court erred in denying his request for a jury instruction on the defense of necessity.

TEX. PENAL CODE ANN. sec. 9.22 (Vernon 1974) provides:

*Necessity*

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

The State argues that appellant was not entitled to an instruction on necessity since appellant did not admit to carrying any weapon. The record is clear that appellant denied owning, borrowing, or ever carrying the weapon.

■ Section 9.22 is a codification of the traditional, common-law defense of necessity, which recognizes that in some cases actions which would otherwise constitute a crime are justified under certain circumstances. We find that section 9.22 clearly contemplates a knowing and deliberate choice on the part of the actor that commission of the charged offense is "immediately necessary to avoid imminent harm," and the avoidance of the harm outweighs the harm sought to be prohibited by the commission of the act otherwise prohibited by law.

■ We find that the case of *Leach v. State*, 726 S.W.2d 598, 599 (Tex.App.—Houston [14th Dist.] 1987, no pet.) is dispositive of appellant's claimed error. In *Leach*, the court pointed out that a plea of justification based upon necessity is similar to a plea of self-defense in that both must be assessed from the standpoint of the accused. *Id.* at 600. Therefore, a jury instruction on necessity is not called for unless there is evidence from the accused admitting the offense but claiming justification for having committed the offense because of surrounding circumstances.

■ Even had appellant admitted the charged offense, the record is bare of any evidence which would support any necessity on the part of appellant to carry a handgun. There was no showing that appellant had been threatened or was otherwise justifiably in fear of his life. By ignoring the homeowner's plea not to enter on the property, appellant placed himself in a position of peril, and now seeks to justify the necessity of carrying a handgun, while at the same time denying that he had ever seen the gun until it fell during the scuffle. Under those circumstances, even had appel-

lant admitted the charged offense of carrying the handgun, he would not have been entitled to a jury charge on necessity.

Appellant's first point of error is overruled.

 In his second point of error, appellant contends the trial court erred in admitting copies of two judgments from appellant's prior convictions as evidence in support of the enhancement allegation contained in the indictment. Appellant argues that since the documents were not certified or properly authenticated, the State failed to sufficiently prove up the prior conviction alleged in the enhancement paragraph.

During the guilt/innocence phase of the trial, appellant took the stand to testify. On cross-examination, the State asked:

Q. [Prosecutor] Mr. Trotty, I'm going to be asking you some questions. If you'd like me to rephrase anything, just let me know.

A. [Appellant] Yes, ma'am.

Q. Now, you've already admitted that you were convicted of burglary?

A. Yes.

Q. You actually were convicted on two burglaries?

A. Yes, I was.

Q. And one of those offenses states it was on November 30th of 1986, and one was on January 28th of 1987; is that correct?

A. I don't remember any dates.

. . . .

Q. So when we're talking of your burglary conviction, are we talking of when you were in the 213th Judicial District Court on January 13th of 1989, in cause number 0332590? Is that the conviction you're speaking of?

A. I don't remember any numbers.

Q. You don't remember? Do you recall if it was on January 13th, 1989?

A. No, ma'am. All I remember is I got convicted.

Q. Do you remember when you were sent to the pen?

A. Yes, ma'am.

Q. When was that?

A. That was in January of '89.

Q. This year?

A. This year.

Q. So that would relate to the burglary conviction that I was talking about?

A. Yes, ma'am.

Appellant's judicial admission that he had previously been convicted of the two burglaries was sufficient proof of the prior conviction alleged in the enhancement paragraph. *See Laday v. State*, 685 S.W.2d 651, 652 (Tex.Crim.App.1985); *Davison v. State*, 510 S.W.2d 316, 318–19 (Tex.Crim. App.1974).

Appellant's second point of error is overruled and the judgment of the trial court is affirmed.