**Wayman Henry CHUNN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–90–01120–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 1991.

Rehearing Denied Jan. 23, 1992.

Content:

Richard Schmude, Houston, for appellant.

John B. Holmes, Dist. Atty., Carol Cameron, Tammy Garrett, Elizabeth Goodhardt, Asst. Dist. Attys., Houston, for appellee.

Before TREVATHAN, COHEN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of criminal trespass and assessed punishment at a fine of $1,000.00 and 24 days in jail.

The first point of error contends the trial court erred by not instructing the jury on the defense of necessity. TEX.PENAL CODE ANN. § 9.22 (Vernon 1974). Appellant and three juveniles trespassed at a medical clinic that performed abortions. Appellant contends his trespass was necessary to defend the other trespassers from attack by people in the clinic.

This point of error is without merit for two reasons. First, appellant did not admit at trial that he committed criminal trespass. Rather, he claimed he did not commit criminal trespass, but if he did, he should be acquitted because he acted out of necessity.

A defendant is not entitled to a jury instruction on the defense of necessity unless he admits the offense. *Vasquez v. State,* 796 S.W.2d 555, 559 (Tex.App.—Houston [1st Dist.] 1990, pet. granted); *accord Trotty v. State,* 787 S.W.2d 629, 630 (Tex.App.—Fort Worth 1990, pet. ref'd); *Leach v. State,* 726 S.W.2d 598, 600 (Tex.App.—Houston [14th Dist.] 1987, no pet.); *Pentycuff v. State,* 680 S.W.2d 527, 528 (Tex.App.—Waco 1984, pet. ref'd); *Klein v. State,* 662 S.W.2d 166, 170 (Tex.App.—Corpus Christi 1983, no pet.). Appellant admitted he was told to leave the hallway of the office building, an area outside the clinic. He admitted entering the clinic, but denied he was told to leave the clinic. The information alleged appellant entered Leslie Moore's property and remained there after receiving notice to depart. Moore was the clinic manager. There was no evidence the hallway was her property. By denying that he received notice to leave the clinic, which was Leslie Moore's property, appellant denied the offense. TEX.PENAL CODE ANN. § 30.05(a)(2) (Vernon 1974.) Thus, he was not entitled to the instruction.

Second, there was no evidence appellant reasonably believed his conduct was immediately necessary to avoid imminent harm to the other trespassers, as required by section 9.22. There is no evidence of harm, imminent harm, attempted harm, or threatened harm to the other trespassers. Appellant admitted this. Nevertheless, he testified he feared harm because on two other criminal trespasses at other locations, other people had poured dirt and cold water on the trespassers. The mere possibility of harm will not support a jury instruction on necessity. *Boushey v. State,* 804 S.W.2d 148, 151 (Tex.App.—Corpus Christi 1990, pet. ref'd); *Bobo v. State,* 757 S.W.2d 58, 63–64 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989); *Schermbeck v. State,* 690 S.W.2d 315, 317–18 (Tex.App.—Dallas 1985, no pet.). A generalized fear of harm does not constitute a reasonable belief that conduct

is "immediately necessary to avoid imminent harm." Section 9.22.

■ Point of error one is overruled.

In point of error two, appellant contends he was unfairly surprised because, in a prior trial of this case, the judge gave an instruction on necessity, but he denied one in this trial. The right to a necessity instruction depends solely on the evidence heard at this trial, not at any prior trial. Appellant's expectation to the contrary is not supported by law.

Point of error two is overruled.

■ Appellant next asserts the trial court erred by instructing the jury it could convict him under the law of parties because the information did not allege he acted as a party. No such allegation is required. *Crank v. State,* 761 S.W.2d 328, 351 (Tex.Crim.App.1988).

The third point of error is overruled.

■ Appellant's fourth point of error asserts the trial court committed fundamental error by giving a jury instruction on parties that extended his criminal liability "beyond the criminal trespass charged to a different criminal trespass offense committed possibly by other persons."

This complaint was not raised in the trial court. Nonpreserved jury charge error requires great harm to merit reversal. *Gibson v. State,* 726 S.W.2d 129, 133 (Tex. Crim.App.1987) (op. on reh'g). The harm must be "egregious" and deny the defendant a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.App. 1985) (op. on reh'g).

We overrule this point because appellant has not demonstrated either error or harm. The purpose of the law of parties is to allow a defendant to be convicted for helping others commit crime. TEX.PENAL CODE ANN. §§ 7.01, 7.02, 7.03 (Vernon 1974). The jury charge applied the law of parties to the particular facts alleged and proved at trial, by allowing appellant's conviction if he helped three juveniles trespass on property owned by Leslie Moore in Harris County on March 24, 1990. The instruction did not deny appellant a fair trial.

The fourth point of error is overruled.

In appellant's fifth point of error, he asserts the trial court erroneously denied his fourth motion to quash the information. The motion contended the State could not use the law of parties at trial because it was not pled in the information, thus depriving him of notice. We overrule this point of error for the same reasons we overruled point three. In addition, the motion was untimely. Appellant filed his motion on November 26, 1990 and presented it on November 27, 1990, the day of trial. Filing such a motion does not preserve error; the motion must be brought to the trial court's attention before the day of trial. *Van Dusen v. State,* 744 S.W.2d 279, 280 (Tex.App.—Dallas 1987, no pet.); TEX. CODE CRIM.P.ANN. art. 1.14(b) (Vernon Supp.1991). Appellant did not do so.

The fifth point of error is overruled.

■ The seventh point of error asserts the trial court erred by denying motion to quash number one, i.e., that the information failed to allege criminal trespass because it failed to allege that notice to depart was given by the property owner.

The State is not required to allege that the property owner gave notice to depart. The Fourteenth Court of Appeals has stated:

> Although § 30.05(b)(2)(A–C) further defines "notice," we are not aware of any authority, either case law construing § 30.05, or provisions of the Code of Criminal Procedure, which would categorically require the State to allege the *means* of notice in order to sufficiently charge the accused.

*Bobo,* 757 S.W.2d at 61 (emphasis in original); *see also Erlandson v. State,* 763 S.W.2d 845, 850 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 493 U.S. 852, 110 S.Ct. 152, 107 L.Ed.2d 110 (1989). The State was not required to plead evidentiary facts. Therefore, the trial court did not err.

Point of error seven is overruled.

■ In appellant's eighth point of error, he asserts the trial court erred when it

denied motion to quash number two, i.e., that the information failed to allege the location of the property involved with sufficient certainty for double jeopardy protection, as required by TEX.CODE CRIM.P.ANN. arts. 21.04, 21.09 (Vernon 1989).[1]

Article 21.09 applies only to real estate that is the object of the offense. It does not apply to real estate alleged only as the location of the offense. *Franks v. State*, 688 S.W.2d 502, 504 (Tex.Crim.App.1985). Trespass is an offense against the owner's possession and control of property, not an offense against the property itself. *Reed v. State*, 762 S.W.2d 640, 645 (Tex.App.—Texarkana 1988, pet. ref'd). Alleging that the offense occurred on March 24, 1990, in Harris County, Texas, on Leslie Moore's property is sufficient. *Id.*

The eighth point of error is overruled.

In appellant's sixth point of error, he asserts the trial court erred by not giving him credit on his sentence for time he claims he spent in jail before trial.

Appellant made no such complaint in the trial court. Thus, nothing is presented for review because he failed to comply with TEX.R.APP.P. 52(a). Furthermore, appellant has not filed the statement of facts from the punishment stage, the sentencing, or any post-trial proceedings where evidence may have been heard on this issue. It is the appellant's burden to present a record "requiring" reversal. TEX.R.APP.P. 50(d). Absent a complete statement of facts, we must presume the evidence supports the judgment. The State contests appellant's claims, and the record is unclear. Appellant has included in the transcript documents from other cases. We decline to consider them because they are not properly before us. *Farris v. State*, 712 S.W.2d 512, 515 (Tex.Crim.App.1986).

The sixth point of error is overruled.

The judgment is affirmed.

---

1. Section 21.09 states the requirements for describing property in an information and provides, in pertinent part: "... If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be sufficient description of the same." TEX.CODE CRIM.P.ANN. art. 21.09 (Vernon 1989).

Section 21.04 provides: "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." TEX.CODE CRIM.P.ANN. art. 21.04 (Vernon 1989).