**Steve Patrick RIDGE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–454–CR.**

Court of Appeals of Texas,
Fort Worth.

June 2, 1993.

Fred B. Nies, II, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., and David C. Colley, Asst., Denton, for state.

Before HILL, C.J., and FARRIS and DAY, JJ.

## OPINION

HILL, Chief Justice.

Steve Patrick Ridge appeals his conviction by a jury of the offense of delivery of a controlled substance, cocaine weighing less than twenty-eight grams. The jury, finding that Ridge had been previously convicted of two prior felonies, assessed his punishment at seventy-five years confinement in the Texas Department of Criminal Justice, Institutional Division.

 Ridge contends in a single point of error that the trial court erred by not reading the enhancement allegations of the indictment until after the punishment hearing had begun and testimony had been received.

We affirm because the issue was joined when the indictment was read and Ridge's plea taken; consequently, we hold beyond a reasonable doubt that any error in the delayed reading and taking of Ridge's plea did not contribute to his punishment. We further hold that any error, in allowing the jury to consider evidence introduced before the reading and plea, was waived by Ridge's failure to object on that basis.

After several character witnesses had testified before the jury, the State indicated to the trial judge its intention to proceed with proving the enhancement portion of the indictment. The trial court announced its intention to proceed with the reading of the enhancement allegations in the indictment and taking Ridge's plea to those allegations. Ridge objected on the ground that the State, by not reading the enhancement allegation at the beginning of the punishment hearing, had waived the enhancement paragraphs. The trial court overruled the objection, the allegations were read, Ridge's plea of "not true" was taken, and evidence of Ridge's prior convictions was presented.

We hold beyond a reasonable doubt that any harm in the delayed reading of the enhancement paragraphs and the taking of Ridge's plea to those paragraphs did not contribute to the punishment assessed to Ridge.

Ridge relies on the opinion in *Warren v. State*, 693 S.W.2d 414 (Tex.Crim.App.1985) as authority for his contention that the delay in reading this portion of the indictment constituted reversible error.

We first note that *Warren* is distinguishable because in that case the paragraphs were not read and Warren's plea to them was never taken. *Id.* at 415. The court held that without the reading of the indictment and the entering of a plea, there was no issue joined upon which to try the case. *Id.*

In *Warren*, the court held that the proper procedure to follow when the error in failing to read the indictment is discovered during trial is for the indictment to be read to the jury, the accused to enter a plea to the indictment, and either for the State to reintroduce the evidence or for the parties to stipulate to the evidence. *Id.* at 416. This procedure was followed in this case except that the evidence that went to Ridge's character was not reintroduced. No evidence concerning the enhancement had been introduced prior to the reading of the enhancement paragraphs and the taking of Ridge's plea. Ridge made no objec-

tion to the failure of the trial court to call for the reintroduction of the character. evidence that had been introduced prior to the taking of his plea, or to the trial court's allowing the jury to consider such testimony in its deliberations.

As we have previously noted, where there is no reading of the indictment and no taking of the defendant's plea, there is no issue joined upon which to try the case. *Id.* at 415. In this case, because the indictment was read and Ridge's plea taken, the issue was joined. Any error by the trial court, in not requiring prior evidence to be reintroduced or by allowing the jury to consider the evidence presented before the reading and taking of Ridge's plea, was waived by Ridge's failure to object on that ground, and, as we have previously noted, did not contribute to the punishment that he was assessed. We overrule Ridge's sole point of error.

The judgment is affirmed.