**STATE of Texas, Appellant,**

v.

**Madeline MENDIETA, Appellee.**

**No. 04–94–00512–CR.**

Court of Appeals of Texas,
San Antonio.

March 29, 1995.

**12**

Ed Shaughnessy, III, Dist. Attorney's Office, San Antonio, for appellant.

Kristie J. Blust and Steven N. Harkiewicz, San Antonio, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

### OPINION

STONE, Justice.

■ This is an appeal from an order quashing the indictment on a charge of criminal trespass. The motion to quash asserted that the indictment afforded Defendant insufficient notice because it neither alleged the identity of the owner of the property, nor described the location of the property. We agree that the indictment failed to provide defendant with sufficient notice of the of-

fense, and therefore affirm the trial court's order.

Article I, section 10 of the Texas Constitution "guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution." *Ward v. State,* 829 S.W.2d 787, 794 (Tex.Crim.App.1992). This information must come from the face of the indictment. *Id; see e.g. Benoit v. State,* 561 S.W.2d 810, 813 (Tex.Crim.App.1977); *Wilson v. State,* 520 S.W.2d 377, 379 (Tex.Crim.App.1975). The accused is not required to look elsewhere. *Baker v. State,* 123 Tex.Crim. 209, 58 S.W.2d 534, 534–35 (1933) (indictment alleging that defendant unlawfully possessed an unspecified narcotic gave insufficient notice). When writing on this notice requirement, then Presiding Judge Onion stated for the Court of Criminal Appeals:

> It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language.

*Benoit,* 561 S.W.2d at 813; *Moore v. State,* 473 S.W.2d 523, 523–24 (Tex.Crim.App.1971).

■ This fundamental guarantee enables the accused to learn in advance of trial, and with reasonable certainty, the charge against him so that he can properly prepare his defense. *Wilson,* 520 S.W.2d at 379. "[T]he accused is not required to anticipate any and all variant facts the State might hypothetically seek to establish." *Brasfield v. State,* 600 S.W.2d 288, 295 (Tex.Crim.App.1980), *overruled on other grounds, Janecka v. State,* 739 S.W.2d 813, 819 (Tex.Crim.App.1987); *Drumm v. State,* 560 S.W.2d 944, 947 (Tex. Crim.App.1977).

In the instant case defendant was indicted for criminal trespass. The elements of criminal trespass are (1) a person (2) without effective consent (3) enters or remains on the property, or in any building, of another (4) knowingly, intentionally or recklessly, (5) when he had notice that entry was forbidden or received notice to depart but failed to do so. TEX.PENAL CODE ANN. § 30.05 (Vernon 1994).

The indictment alleged that on or about July 24, 1994, in Bexar County, Defendant did "knowingly and intentionally enter and remain ON PROPERTY of another without effective consent, the said defendant having NOTICE THAT ENTRY WAS FORBID-DEN." The indictment did not identify to whom the property belonged, and failed to provide an address or description of the location of the property. We find that the absence of both the owner and the location of the property gave defendant insufficient notice.

By a motion or exception, the accused may insist on a specific allegation of what the State will rely upon for a conviction. *Brasfield,* 600 S.W.2d at 295. Although this remains the law, the Court of Criminal Appeals has refined this rule so that where an indictment is not fundamentally defective, and the defendant's objection goes to the form of the indictment rather than the substance, the indictment may be cured by an amendment. *Janecka v. State,* 739 S.W.2d at 819. In the present case, the State did not attempt to cure the defect, but rather has appealed stating that the indictment is sufficient as written.

█ If the indictment affects the defendant's ability to prepare his defense, then it is a defect of substance and the motion to quash should be granted. *Janecka v. State,* 823 S.W.2d 232, 232–38 (Tex.Crim.App.1990) (opinion on reh'g) (indictment substantively defective for failure to allege which of two people was the individual providing remuneration in capital murder case). In the instant case we have not only two possible people, but all the landowners and managers in Bexar County.

The State cites this Court to cases involving indictments which did not allege either the owner or the location, but not to any case lacking both. The First Court of Appeals found an indictment sufficient which did not specify the location of the property beyond the county, but did allege the identity of the owner. *Chunn v. State,* 821 S.W.2d 718, 721 (Tex.App.—Houston [1st Dist.] 1991), *cert. denied,* — U.S. —, 113 S.Ct. 203, 121 L.Ed.2d 144 (1992). In *Chunn,* the appellant's motion to quash the indictment, based on a possible double jeopardy claim under articles 21.04 and 21.09 of the Code of Criminal Procedure, was rejected where the indictment alleged the county of the offense and named the owner.

Similarly, courts have stated in dicta that it is unnecessary to allege the identity of the owner when the location of the property is specified. *Langston v. State,* 855 S.W.2d 718, 721 (Tex.Crim.App.1993) (identity of owner was an "unnecessarily specific allegation"). We note that in *Langston* there was no motion to quash the indictment. Additionally because only a portion of the indictment is recited, we are unable to discern whether the specific location of the property was alleged, but in any event the owner was alleged and so the court did not examine the question before us today.

In the instant case, appellant stated in her motion to quash that the indictment should have alleged the identity of the "owner" of the property. Generally, when a term is statutorily defined, it need not be further alleged in the indictment. *State v. Carter,* 810 S.W.2d 197, 199 (Tex.Crim.App.1991). "However, where the statutory term goes to an act or omission of the defendant and the definition provides for more than one manner or means to commit the act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish." *Geter v. State,* 779 S.W.2d 403, 405 (Tex.Crim.App.1989). In *Geter* the court ruled that the defendant was not entitled to a further definition of the term "effective consent" because it would not give him further *"notice of his alleged act." Id.* (citing *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim. App.1981)). In the instant case, giving defendant notice of either the owner or location of the property would give defendant further notice of her alleged act.

The Texas Penal Code assigns different meanings to the words owner and another. "Another" means "a person other than the actor." TEX.PENAL CODE ANN. § 1.07(a)(5) (Vernon 1994). An "owner" is defined as a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX.PENAL CODE ANN.

**14**

§ 1.07(a)(35)(A) (Vernon 1994). Normally the State presents *prima facie* proof of ownership just by proving that the complainant has a greater right to possession of the property than the defendant. *Bustillos v. State,* 832 S.W.2d 668, 671 (Tex.App.—El Paso 1992, pet. ref'd). However, the defendant can rebut the State's case by showing that he also has a possessory interest in that property and thus is not trespassing on the land of "another." *Arnold v. State,* 867 S.W.2d 378, 379 (Tex.Crim.App.1993); *Langston,* 855 S.W.2d at 721; *Palmer v. State,* 764 S.W.2d 332, 334 (Tex.App.—Houston [1st Dist.] 1988, no pet.). It is therefore preferable for the State to allege that a defendant has trespassed on the property of another, and name the other person.

In the present case neither the location of the property, nor the identity of the owner was provided. By simply alleging that defendant had trespassed on unidentified property somewhere in the county, belonging to an unknown person (the defendant being the only one excluded), an infinite number of possibilities remained. Defendant was not afforded sufficient notice to prepare her defense. Further we find that the information omitted had a great impact on the defense's ability to prepare a defense because the offense of criminal trespass is based upon the respective rights of the parties to be on a *particular* piece of property. *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim.App. 1986). This offense can be contrasted with one such as robbery in which the defendant can determine if he has committed the offense without knowing who owns the property. We do not reach the decision of whether a description of both the owner or property is mandatory, only that the absence of both is not sufficient. We therefore find that the motion to quash was properly granted.

The order of the trial court is affirmed.