Bobby Joe Parr v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-009-CR

     BOBBY JOE PARR,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 54th District Court
McLennan County, Texas
Trial Court # 95-795-C
                                                                                                                 

O P I N I O N
                                                                                                                 

      Bobby Joe Parr was indicted and convicted by a jury for burglary of a habitation. After finding
that Parr had two prior felony convictions, the jury assessed punishment at life as a habitual
criminal. Parr appeals on four points of error. We will affirm.
FACTS
      On September 28, 1995, around 10:00 p.m. Bobby Joe Parr and David Vasquez took a lawn
mower from the residence of Steven King and placed it in the back of a car driven by Vasquez. 
David Bell, King’s neighbor, witnessed the crime from his home across the street. Bell testified
that he saw a two-door hard-top car (Mercury Zephyr or Ford Fairmont) parked across the street
without its lights on and an unknown man placing a lawn mower in the back of the vehicle. Once
the lawn mower was placed in the trunk, the individual sat in the passenger seat of the car and the
car drove away, without turning on its lights. Concerned that a theft was occurring, Bell instructed
his wife to dial 9-1-1 and relayed what he had observed. He then went across the street to ask King
if he had sold his mower. Once it was clear that the mower in fact had been stolen, King and Bell
each went looking for the thieves. In the meantime, Officer Wadewitz of the Waco Police
Department responded to a dispatch and discovered the suspects stopped in a turn lane. Parr,
attempting to tie down the trunk over the protruding mower, responded to Wadewitz’s overhead
lights by returning to the passenger seat of the car so they could drive off. Shortly thereafter, the
car pulled over, and Wadewitz proceeded with an investigatory stop. After Parr offered his parole
inmate card as identification, Wadewitz handcuffed him and placed him in the back of a patrol car. 
Wadewitz questioned Parr and Vasquez separately and they gave “very inconsistent” statements. 
At this time, Bell arrived on the scene and identified Parr as the man he saw taking the mower. 
King later arrived on the scene and identified his mower. 
THE INDICTMENT
      In his first point, Parr urges that the trial court erred in refusing to grant his motion to quash
the indictment, where the indictment failed to specify either what property had been taken during
the burglary, or the owner of such property. The indictment alleged in pertinent part:
Bobby Joe Parr, hereinafter styled defendant, heretofore on or about the 28th day of
September, 1995, and before the presentment of this indictment, in the county and state
aforesaid, did then and there, without the effective consent of Steven King, the owner thereof,
intentionally and knowingly enter a habitation and did attempt to commit and commit theft.
 
        A person commits burglary if, without the effective consent of the owner, he: 1) enters a
habitation, or a building not then open to the public, with intent to commit a felony or theft; or 2)
remains concealed, with intent to commit a felony or theft, in a building or habitation; or 3) enters
a building or habitation and commits or attempts to commit a felony or theft. Tex. Pen. Code
Ann. § 30.02(a) (Vernon 1994). The indictment tracks the statutory language of burglary of a
habitation. Solis v. State, 787 S.W.2d 388, 390 (Tex. Crim. App. 1990); see Moreno v. State, 721
S.W.2d 295, 300 (Tex. Crim. App. 1986). The face of the indictment is clear. Parr was indicted
for entering Steven King’s home and stealing property from it. “When considering a motion to
quash, the question is whether the face of the instrument sets forth in plain and intelligible language
sufficient information to enable the accused to prepare his defense.” Epps v. State, 811 S.W.2d
237, 243 (Tex. App.—Dallas 1991, no pet.). In DeVaugh v. State, the court held:
. . .the state must, upon request therefor through timely filed written Motion to Quash the
indictment, provide a description of the property allegedly stolen or attempted to be stolen, and
also the name of the owner, if known. 
 
749 S.W.2d 62, 71 (Tex. Crim. App. 1988).  
      If the denial of the motion to quash was error, the appellate court must ascertain whether this
failure had an impact on the accused’s ability to prepare a defense and, if so, how great an impact. 
Id. Here, there was no impact on Parr’s ability to prepare his defense. Prior to trial, Parr received
written documentation of his statement made to the arresting officer. He had access to all photos,
charts, diagrams and prior testimony of Vasquez. He was told at a pretrial hearing that the
property in question was a lawnmower. The defendant knew what was stolen, from where it was
stolen, and the owner of the habitation. Parr was given an investigator and could have asked
questions of King regarding ownership of the mower if he so desired. He did not. 
      Parr relies on Mendieta v. State to show harm as a result of not receiving notice of the name
of the owner of the property. 898 S.W.2d 11 (Tex. App.— San Antonio 1995, no pet.). This
argument is without merit. Mendieta was a criminal trespass case where the defendant received
no notice of either the location of the property or who owned it. Id. The court found that the
defect was a hindrance to his ability to prepare a defense, considering the facts of which he had no
knowledge were at the heart of his alleged criminal conduct. Id. at 14. An accused cannot defend
against criminal trespass when he is not aware of the property on which the trespass took place. 
Parr’s situation is different. Parr entered King’s home with the intent to deprive the owner of the
mower of its value and enjoyment. Parr’s defense to this charge was not affected by his
knowledge, or lack thereof, of the name of the owner of the mower, who was also the owner named
in the indictment. We overrule the first point of error.
PROBABLE CAUSE
      Parr’s second point urges that the court erred in denying his motion to suppress evidence
because he was placed under arrest without a warrant. The standard of review is whether the trial
court abused its discretion. Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). In
a suppression hearing, the trial judge is the sole factfinder and may choose to believe or disbelieve
any or all of a witness’s testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App. 1980). 
An appellate court does not engage in its own factual review of findings in regard to the hearing
but must decide whether the trial judge’s findings of fact, express or implied, are supported by the
record. Gaines v. State, 888 S.W.2d 504, 508 (Tex. App.— El Paso 1994, no pet.).
      The probable cause test is “whether the facts and circumstances within the officer’s knowledge
and of which he has reasonably trustworthy information are sufficient in themselves to warrant a
man of reasonable caution in the belief that a particular person has committed or is committing an
offense.” Amores v. State, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991). To engage in a valid
investigative detention, the officer must have specific, articulable facts which, in light of his
experience and personal knowledge, taken together with rational inferences from these facts,
reasonably warrant intrusion into the privacy of the individual. Glass v. State, 681 S.W.2d 599,
601 (Tex. Crim. App. 1984). Appellant concedes that Wadewitz had sufficient cause to do an
“investigatory stop.” However, he believes Wadewitz was lacking in probable cause to arrest.
      Art. 14.04 of the Code of Criminal Procedure states:
Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible
person, that a felony has been committed, and that the offender is about to escape, so that there
is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest
the accused. 
 
Tex. Code Crim. Proc. Ann. art. 14.04 (Vernon 1977). Police broadcasts that are based on
probable cause and that report a felony and a description of the perpetrator satisfy the requirements
for a warrantless arrest under this article. Brooks v. State, 707 S.W.2d 703, 705 (Tex. App.—
Houston [1st Dist.] 1986, pet. ref’d). In Brooks, officers who had received a radio dispatch giving
a description of one robbery suspect, together with the flight path and color of his vehicle, had
probable cause to arrest the suspect when identifying information had come from the victim of and
a witness to the robbery, and the officer had located the suspect and his vehicle within four minutes
of broadcast and within one mile of the robbery scene. Id. Wadewitz relied on almost identical
information and responded within a similar time frame when he stopped Parr and Vasquez. 
      An officer may consider information from a private citizen worthy of belief, whose information
is reliable and whose only contact with the police or crime is witnessing it. Id. A warrant is not
needed where the person who gives the information to the peace officer is credible, the offense is
a felony, the offender is about to escape, and there is no time to procure a warrant. Laca v. State,
893 S.W.2d 171, 177 (Tex. App.— El Paso 1995, pet. ref’d). All of these requirements are met
in the present case. 
      Officer Wadewitz testified that after receiving a dispatch regarding a burglary in process, he
saw the vehicle stopped in a turn lane approximately two blocks from King’s residence. A black
male was attempting to tie the trunk down over a protruding lawnmower which was in plain view. 
After Wadewitz turned on his lights, the man got back into the car and it began to drive off, but
stopped again. At this time, Wadewitz believed there were sufficient facts to justify an investigatory
stop.    In response to Wadewitz’s request for identification, Parr offered his parole inmate card. 
At this time, Wadewitz felt it was necessary to further detain Parr. After Parr was handcuffed and
placed in the patrol car, Bell arrived on the scene and identified Parr as the man he saw loading the
lawnmower into the car. King arrived and identified his lawnmower. Parr urges that transporting
a lawnmower may be suspicious, but it is not necessarily criminal and therefore cannot support
probable cause. However, this summation overlooks the facts as they were relied upon by Officer
Wadewitz.
      Parr relies on Amores v. State to show a lack of probable cause. 816 S.W.2d 407 (Tex. Crim.
App. 1991). However, this case is factually distinguishable. Here, Wadewitz approached the
vehicle and asked for identification, observed the mower in plain view, “Mirandized” the suspects,
questioned them about the mower, and received inconsistent statements. In Amores, the officer
pulled his gun and forced the suspect face down on the ground prior to any investigation. In
addition to receiving the dispatch, Wadewitz made several observations once he located the suspects
that established probable cause for an arrest. We overrule point two.
 
INSTRUCTION ON PROBABLE CAUSE
      Parr’s third point of error suggests that the trial court erred in refusing to submit an instruction
on the legality of his arrest because probable cause was a contested issue. Article 38.23 of the
Code of Criminal Procedure states that “in any case where the legal evidence raises an issue
hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of this Article, then and in such event, the jury
shall disregard any such evidence so obtained.” Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon
Supp. 1997). If evidence at trial raises a fact issue concerning whether evidence was obtained in
violation of the Constitution (State or Federal), the trial court is required to submit an instruction
on that issue. Bell v. State, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996). However, in Trent v.
State, we held an appellant was not entitled to an instruction because he did not call any witnesses
that controverted testimony of State witnesses with respect to the events and circumstances at the
time of arrest and cross examination did not raise any fact issues on the right to arrest. 925 S.W.2d
130, 134 (Tex. App.— Waco 1996, no pet.). If an objection to evidence requires a legal and not
a factual determination, the court is not obligated to give an instruction under article 38.23. Crunk
v. State, 934 S.W.2d 788, 794 (Tex. App.—Houston [1st Dist.] 1996, no pet.).
      Here, Parr did not put on any evidence that Wadewitz did not rely on the information from
dispatch. The information from dispatch then led to Wadewitz’s investigatory stop, which properly
led to an arrest. Parr argues that Wadewitz was acting on information furnished to him by someone
else, and that he did not talk with either the victim or the witness. These facts are, however,
undisputed. Parr also indicates that there is nothing illegal about driving around with a mower in
the trunk. This fact is likewise undisputed. The evidence is undisputed as to the facts on which
Wadewitz relied to establish probable cause. Because there was no fact issue, an article 38.23
instruction was not required. 
      In the cases which Parr cites to support failure to submit a 38.23 instruction as error, the
defendant testified or presented testimony to contradict State testimony concerning the basis for the
arrest. See Stone v. State, 703 S.W.2d 652 (Tex. Crim. App. 1982) (DWI, where appellant and
witness denied weaving, fact issue raised as to the officer’s reasonable suspicion when he pulled
them over); Reynolds v. State, 848 S.W.2d 148 (Tex. Crim. App. 1993) (DWI, where there was
conflicting testimony regarding the speed of the vehicle, and “speeding” was the cause for stopping
the vehicle). Here, Parr only recalled Bell, the eyewitness, who stated that he did not see Parr
inside the garage and that he did not tell the officers he saw the defendant inside the garage. He
indicated he saw Parr coming from the direction of the garage with the mower. This does not bear
on the probable cause question.
       Unlike the above cases, where the disputed facts could negate probable cause, whether Bell saw
Parr inside the garage and whether he told the officers he saw Parr in the garage are both irrelevant
to the probable cause question. Wadewitz initially relied on information from a dispatch indicating
a burglary of a residence in which a mower was taken. Evidence that the dispatch was relied upon
was not controverted by Parr. That alone is sufficient to overrule point three, which we do.
ENHANCEMENT ALLEGATIONS
      In his final point, Parr argues that fundamental error occurred during the punishment phase of
the trial because the State did not reintroduce evidence after the enhancement allegations were read
to the jury and the defendant’s plea was taken. The indictment alleged that Parr was previously
convicted of three felonies, and on this basis, the State sought to sentence him as a habitual felon. 
However, rather than starting the punishment phase with a reading of the enhancement allegations,
the State presented evidence of another burglary and of Parr’s negative reputation for being a
peaceful and law abiding citizen. The State then read the enhancement allegations, Parr pled not
true, and the State proceeded to prove those allegations through a fingerprint expert. Parr
complains on appeal that the evidence offered prior to the reading of the enhancement allegations
was not properly before the jury, and should not have been considered. 
      Our first concern is that Parr failed to object and, as a result, waived his complaint. See Ridge
v. State, 855 S.W.2d 234, 236 (Tex. App.—Fort Worth 1993, no pet.). In Ridge, several character
witnesses testified before the jury before the allegations were read and pleas taken. Id. Ridge
made no objection to the failure to call for a reintroduction of evidence or to the trial court’s
allowing the jury to consider the testimony. Id. The court held that his complaint was waived. 
Id. Parr likewise failed to request an instruction that the jury disregard the evidence offered prior
to the reading of the enhancement allegations. 
      Even though it appears Parr’s complaint was waived, we will consider its merits. Parr relies
on Warren v. State as authority for the argument that unless the allegations are read and the
evidence reoffered, no issue is joined. 693 S.W.2d 414 (Tex. Crim. App. 1985). Warren is
distinguishable from the case at hand because the enhancement paragraphs were never read and
Warren’s plea was never taken. Id. at 415-16. The Court held that, without the reading of the
indictment and the entering of a plea, there was no issue joined upon which to try the case. Id. 
In Warren, the court indicated that the proper procedure to follow after failure to read the
indictment is discovered is for the indictment to be read to the jury, the accused to enter a plea, and
either for the State to reintroduce the evidence already offered or for the parties to stipulate to the
evidence. Id. In Parr’s case, these steps were followed except that the earlier evidence was not
reintroduced. Here, because the indictment was read and Parr’s plea was taken, the issue was
joined. Any error by the trial court, in not requiring a reintroduction of evidence or in allowing
the jury to consider the evidence presented before the reading and taking of the plea did not
contribute to the punishment that he was assessed and therefore was harmless. Tex. R. App. P.
44.2(b). Point four is overruled.
      Having overruled all of Parr’s points of error, the judgment is affirmed.
 
                                                                               BILL VANCE
                                                                               Justice
 
Before Chief Justice Davis,
           Justice Cummings, and
           Justice Vance
Affirmed
Opinion delivered and filed October 15, 1997 
Do not publish