**Robert CHEAK, a/k/a Robert Burke, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–87–0284–CR.**

Court of Appeals of Texas, Amarillo.

Sept. 6, 1988.

Gene Walters, Garza, Brennan & Walters, Lubbock, for appellant.

Travis S. Ware, Dist. Atty., Michael West, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury convicted appellant Robert Cheak, a/k/a Robert Burke, of the offense of burglary of a vehicle, and assessed his punishment, enhanced by two prior felony convictions, at confinement for 45 years. Appellant seeks a reversal on two points of error, *viz:* (1) the trial court erred in denying his request for a jury instruction on the lesser included offense of criminal trespass; and (2) the conviction is void because court appointed trial counsel did not render effective assistance. The points will be overruled and the judgment will be affirmed.

Absent a challenge to the sufficiency of the evidence to support the conviction, it suffices to record that Grace Chase parked the automobile of Glenn Howard, who was a passenger, in a carport and locked the doors when they left the vehicle. The next morning when they approached the vehicle, they noticed the driver's door was open and appellant was lying on the front seat unconscious with his legs extending some two feet outside the vehicle. The door of the glove compartment, which was kept closed but not locked, was open, and articles kept therein were on the front floorboard with appellant's left hand down among the articles.

Neither Howard nor Chase had given appellant permission to be in the vehicle. Chase called the police department. Two officers arrived and arrested appellant.

After the officers departed with appellant, Howard discovered that his flashlight and glasses, which were kept in the glove compartment, were missing. The following day, a coat hanger was found in the grass just off the driveway where the vehicle was parked. Howard described it as having been stretched out with a little hook on the end.

Appellant did not testify. Neither did he present any witnesses in his behalf.

■ In charging the court with error in denying his request for a jury instruction on the lesser included offense of criminal trespass, appellant relies on *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1976), a prosecution for the offense of burglary of a building with intent to commit theft. The reliance on *Day*, in which it was held that criminal trespass is a lesser included offense of burglary of a building or habitation, is misplaced, for it has been determined that criminal trespass is not a lesser included offense of burglary of a vehicle. *Cadieux v. State*, 711 S.W.2d 92, 95 (Tex. App.—Austin 1986, pet'n ref'd). Thus, the court correctly refused appellant's requested instruction. The first point of error is overruled.

■ Appellant's second-point complaint that his court appointed trial counsel did not render effective assistance is based on two grounds. First, he alleges that "counsel made almost no objections during the trial." Aside from the fact that the appellate record shows the objections counsel did make were successful, appellant has not identified any part of the record where an objection should have been made or how more objections would have benefited him. Since an isolated instance of a failure to object, even when an objection would have been proper, does not per se render counsel's assistance ineffective, *Johnson v. State*, 629 S.W.2d 731, 736 (Tex.Cr.App. 1981), a fortiori, the bare allegation that counsel made almost no objections during trial is no reason to brand counsel's assistance ineffective.

Second, appellant faults trial counsel in two particulars for failing to move for an instructed verdict due to insufficiency of evidence. Initially, he proposes that because there was only a miniscule amount of evidence of his intent to steal, there was a "possibility" that counsel might have gained an acquittal if he had moved for an instructed verdict. Next, appellant submits that counsel's moving for an instructed verdict would have preserved a "sufficiency of evidence" point of error for appeal purposes.

■ The fact that appellate counsel may or would have moved for the instructed verdict on the possibility of its being granted does not show that trial counsel's assistance was ineffective. *Flanagan v. State*, 675 S.W.2d 734, 747 (Tex.Cr.App.1984). To sustain his claim that trial counsel's assistance was so ineffective as to require a reversal of his conviction, appellant must show two things. He must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984); *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Cr.App.1986).

At the threshold of consideration, it is observed that even if the traditional practice is for defense counsel to move for an instructed verdict on the ground of insufficient evidence, the "possibility" that the

motion may have been granted is not sufficient to show that counsel's failure to make the motion is deficient performance that prejudiced the defense. It is not enough to allege that the omission raised a possibility of a different result of the proceeding; there must be a showing of a reasonable probability that but for counsel's omission, the result of the proceeding would have been different. A reasonable probability is far more than a possibility; it is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. at 693–94, 104 S.Ct. at 2067–68.

To prove the offense charged, the State was required to show that appellant, without the effective consent of Howard, broke or entered into any part of Howard's vehicle with intent to commit theft. Tex. Penal Code Ann. art 30.04(a) (Vernon 1974); *Washington v. State*, 603 S.W.2d 859 (Tex. Cr.App.1980). The only deficiency in the evidence suggested by appellant is that of his intent to steal. Of course, the specific intent to commit theft may be inferred from the circumstances. *Simmons v. State*, 590 S.W.2d 137, 138 (Tex.Cr.App. 1979); *Williams v. State*, 537 S.W.2d 936, 938 (Tex.Cr.App.1976).

The State's evidence shows appellant's presence in Howard's previously locked vehicle without Howard's permission. The glove compartment door had been opened, and articles contained therein were strewn on the floorboard with appellant's hand among them. Howard's flashlight and glasses kept in the glove compartment were missing.

The evidence corresponds to that in *Simmons v. State, supra,* and is more compelling than the evidence in *Williams v. State, supra,* upon which an intent to commit theft was inferred with court approval. It follows that the evidence sufficiently proved, as the jury found, that appellant entered the vehicle with the intent to commit theft.

Then, the evidence of appellant's intent to commit theft being sufficient, trial counsel's failure to move for an instructed verdict on the ground of insufficient evidence did not constitute deficient performance, for there is no reasonable probability that the motion would have been granted or would have served successfully as the basis of a point of error on appeal. Thus, appellant has not shown that his court appointed trial counsel rendered ineffective assistance. The second point of error is overruled.

The judgment is AFFIRMED.