Farris McGARITY, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–98–00183–CR.

Court of Appeals of Texas, San Antonio.

June 2, 1999.

Suzanne M. Kramer, San Antonio, TX, for appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, TX, for appellee.

Sitting: ALMA L. LÓPEZ, CATHERINE STONE and PAUL W. GREEN, JJ.

## OPINION

LÓPEZ, J.

Farris McGarity was indicted and convicted for the offense of assault with bodily injury by hitting the complainant in the face and fracturing her jaw. The court assessed punishment at one year in jail, probated for two years; 30 days in jail as a condition of probation, 200 hours of community service and a $2,000 fine. In four issues on appeal, McGarity complains that the trial court erred in refusing to submit the defense of necessity to the jury, the defense attorney failed to render effective assistance of counsel, and that the evidence was legally and factually insufficient to support defendant's conviction of assault. We affirm.

### Defense of Necessity

In his first issue, McGarity complains that the trial court erred in refusing to submit the defense of necessity to the jury. Specifically, McGarity contends that because he was trying to prevent Woodard from harming herself, the necessity instruction should have been submitted to the jury.

■ Upon a timely request, a defendant has the right to an instruction on any defensive issue raised by the evidence, whether such evidence is strong or weak, unimpeached or contradicted, regardless of what the trial court may or may not think about the credibility of this evidence. *See Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim.App.1996); *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App.1991). A charge on a defensive issue is required if the accused presents affirmative evidence which would constitute a defense to the crime charged and a jury charge is properly requested. *See Miller*, 815 S.W.2d at 585. In fact, the trial court must grant the defendant an instruction regardless of whether the issue is raised by the defendant's testimony alone or otherwise. *See id.* If a defendant produces evidence raising each element of a requested defensive instruction, he is entitled to the instruction regardless of the source and strength of the evidence. *See Hamel*, 916 S.W.2d at 493; *Brazelton v. State*, 947 S.W.2d 644, 646 (Tex.App.—Fort Worth 1997, no pet.). When evidence from any source raises a defensive issue, and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury. *See Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App.1993), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). Thus, if the issue is raised by any party, refusal to submit the requested instruction is an abuse of discretion. *See id.*

When the evidence fails, however, to raise a defensive issue, the trial court commits no error in refusing a requested instruction. *See id.*

 To determine whether the issue of necessity was raised, we must view the evidence in light of the statutory provision. The Texas Penal Code provides that the defense of necessity is available for criminal conduct only if (1) the defendant reasonably believes his conduct is immediately necessary to avoid imminent harm, (2) the desirability and urgency of avoiding the harm clearly outweighs the harm sought to be prevented by the law prescribing the conduct, and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise appear. *See* TEX.PEN.CODE ANN. § 9.22 (Vernon 1994). In addition, "imminent" means something that is impending, not pending; something that is on the point of happening, not about to happen. *See Smith v. State,* 874 S.W.2d 269 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). "Imminent harm" occurs when there is an emergency situation, and it is "immediately necessary" to avoid that harm when a split-second decision is required without time to consider the law. *See Garcia v. State,* 972 S.W.2d 848, 849 (Tex.App.—Beaumont 1998, no pet.).

 In the instant case, the threshold issue is whether McGarity reasonably believed his conduct was immediately necessary to avoid imminent harm. McGarity testified that Woodard had taken drugs and was going to kill herself by jumping out the window, McGarity further insisted that Woodard had been suicidal in the past by jumping out of cars and slitting her wrists. McGarity had reason to believe that Woodard was suicidal and testified that she was heading toward the window when he grabbed her and threw her on the bed to stop her from jumping. He claimed he did not hit Woodard and never intended to hurt her, but just calm her down. The problem with McGarity's testimony is the issue of "conduct." The improper conduct with which McGarity was charged in the indictment was assault causing bodily injury by "striking Woodard with the hand of defendant," not assault causing bodily injury by throwing Woodard on the bed. McGarity may have reasonably believed that throwing Woodard on the bed prevented her from committing conduct with impending harm. However, this was not the conduct with which McGarity was charged. McGarity never admitted to hitting Woodard in the face. Because McGarity did not admit to the offense, the evidence submitted failed to raise a defensive issue.

 For the evidence to support submission of the necessity defense to the jury, the defendant must admit to the offense. *See Allen v. State,* 971 S.W.2d 715, 720 (Tex.App.—Houston [14th Dist.] 1998, no pet.).[1] The necessity instruction is not required unless there was evidence from the accused admitting the offense, and henceforth claiming justification for having committed the offense because of other facts. *See Maldonado v. State,* 902 S.W.2d 708, 712 (Tex.App.—El Paso 1995, no pet.). Moreover, one cannot establish that an act is justified without first identifying, or admitting to the commission of the act. *See id.* Because McGarity failed to admit to the offense, and then justify his reason for committing the offense, he was not entitled to a necessity instruction. Since McGarity was not entitled to a necessity instruction, the trial court properly refused to submit an instruction on the defense of necessity. Accordingly, appellant's first issue is overruled.

### Effective Assistance of Counsel

In his second issue, McGarity complains that his defense attorney rendered ineffec-

---

1. *See also Auston v. State,* 892 S.W.2d 141, 145 (Tex.App.—Houston [14th Dist.] 1994, no pet.); *Trotty v. State,* 787 S.W.2d 629, 630 (Tex.App.—Fort Worth 1990, pet. ref'd); *Leach v. State,* 726 S.W.2d 598, 600 (Tex. App.—Houston [14th Dist.] 1987, no pet.).

tive assistance of counsel because his defense attorney (1) failed to object to rebuttal testimony, (2) failed to object to the admittance of an extraneous offense, (3) failed to make any motions for directed verdict, and (4) failed to request the proper defensive issue in the charge.

■ To obtain a reversal based on ineffective assistance of counsel during the guilt/innocence phase of trial, an appellant must show that (1) his lawyer's performance was so deficient that he did not function effectively; and (2) his lawyer's deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Holland v. State,* 761 S.W.2d 307, 314 (Tex.Crim.App.1988), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989). To show prejudice, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the trial outcome would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

■ A claim of ineffective assistance of counsel must be determined upon the particular circumstances and facts of each individual case. *See Johnson v. State,* 691 S.W.2d 619, 626 (Tex.Crim.App. 1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985). Whether the *Strickland* standard has been met is to judge the totality of the representation rather than isolated acts or omissions of the trial counsel, and the test is applied at the time of the trial and not through hindsight. *See id.; Hicks v. State,* 901 S.W.2d 614, 618 (Tex.App.—San Antonio 1995, pet. ref'd). Moreover, allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *See Smith v. State,* 676 S.W.2d 379, 385 (Tex.Crim.App. 1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985). Likewise, the burden of proof rests upon the convicted defendant by a preponderance of the

evidence. *See Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985).

*Failure to object to rebuttal testimony*

■ In his first complaint of ineffective assistance of counsel, McGarity argues that his defense attorney failed to object to rebuttal testimony clearly not admissible in rebuttal. Moreover, McGarity complains that it was not proper to identify the assailant in rebuttal testimony and this rises to the level of egragrious harm which deprived McGarity of his constitutional right to a fair and impartial trial. The Texas Code of Criminal Procedure § 36.01(a)(7) provides, however, that rebuttal testimony may be offered by each party. *See* Tex.Crim.Proc.Ann. § 36.01(a)(7) (Vernon Supp.1998). As a general rule, the State is entitled to present, on rebuttal, any evidence that tends to refute the defensive theory and evidence to support that theory. *See Flannery v. State,* 676 S.W.2d 369, 370 (Tex.Crim.App. 1984); *Yohey v. State,* 801 S.W.2d 232, 236 (Tex.App.—San Antonio 1990, pet ref'd). In addition, the possibility that such rebuttal evidence may encompass extraneous offenses or acts on the part of the defendant does not preclude its admission into evidence. *See Yohey,* 801 S.W.2d at 236.

■ An examination of the record shows there were defensive issues raised by McGarity's testimony authorizing the use of rebuttal testimony. In the defendant's case, McGarity testified that he did not hit Sheryl Woodard in the face during this specific incident, but that he had hit her before. In rebuttal, the State recalled Sheryl Woodard to testify that McGarity was in fact the person who assaulted her on February 24, 1997 and subsequently identified him in the courtroom. Accordingly, this rebuttal testimony refuted the defensive theory that McGarity did not hit Sheryl Woodard. Thus, this rebuttal testimony was permissible. Because the rebuttal testimony provided by the State was admissible, the defense attorney's failure to object to this testimony does not consti-

tute ineffective assistance of counsel. *See Brownlee v. State*, 944 S.W.2d 463, 468 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd). Consequently, appellant has not met the first prong of *Strickland.*

*Failure to object to admittance of an extraneous offense.*

◼ In his second complaint of ineffective assistance of counsel, McGarity argues that the defense attorney failed to object to the admittance of an extraneous offense. Specifically, McGarity complains that when the victim, Sheryl Woodard, testified that blood was coming out of her mouth from the teeth that defendant had "knocked out before," the defense attorney did not object at that point. However, on cross-examination, the State elicited information from McGarity that he had struck Ms. Woodard before. At this time, the defense attorney did object and the objection was overruled. An examination of the totality of the record fails to reveal that defense counsel's performance was deficient or fraught with errors. Because McGarity has failed to carry his burden of establishing deficient representation, we do not reach the second *Strickland* prong.

◼ In addition, even if it could be argued that the defense attorney's performance was deficient, McGarity failed to prove by a preponderance of the evidence that but for his defense attorney's errors, the outcome of the trial would have been different. Because McGarity cannot show with reasonable probability that the outcome of the trial would have been different, an isolated incident where defense counsel failed to object to the victim's testimony does not constitute ineffective assistance of counsel.

*Failure to make any motions for directed verdict*

◼ In his third complaint of ineffective assistance of counsel, McGarity argues that his defense attorney failed to make a motion for directed verdict at the close of the State's case-in-chief. Moreover, there

was no motion for directed verdict at the close of McGarity's case, as well as no motion for directed verdict at the close of the State's rebuttal case. In addition, McGarity complains that the State failed to demonstrate a vital element of the offense in its case-in-chief, thereby making a motion for directed verdict necessary. Because making a motion for directed verdict was necessary, McGarity argues, defense counsel rendered ineffective assistance by not doing so. Nevertheless, McGarity failed to provide which element of the charge that the State did not prove. Also, the fact that the defense attorney may or could have moved for the directed verdict on the possibility of its being granted does not show that trial counsel's assistance was ineffective. *See Flanagan v. State*, 675 S.W.2d 734, 747 (Tex.Crim.App.1982); *Jenkins v. State*, 870 S.W.2d 626, 630 (Tex. App.—Houston [1st Dist.] 1994, pet ref'd).

◼ Additionally, even if the traditional practice calls for defense counsel to move for directed verdict on the grounds of insufficient evidence, the "possibility" that the motion may have been granted is not sufficient to show that counsel's failure to make the motion was deficient performance that prejudiced the defense. *See Cheak v.. State*, 757 S.W.2d 172, 173–4 (Tex.App.—Amarillo 1988, no pet.). Alleging that the omission raised the possibility of a different result of the proceedings is not sufficient; there must also be a showing of a reasonable probability that but for counsel's omission, the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 693–94, 104 S.Ct. 2052; *Cheak*, 757 S.W.2d at 174. A reasonable probability is far more than a possibility, it is a probability sufficient to undermine confidence in the outcome of the proceedings. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Since the evidence sufficiently proved that McGarity assaulted Sheryl Woodard, McGarity failed to prove by a preponderance of the evidence that defense counsel's failure to move for a directed verdict would have provided a

different outcome of the trial. *See Jenkins*, 870 S.W.2d at 630. Thus, the defense attorney's failure to move for a directed verdict does not render ineffective assistance of counsel.

*Failure to request a proper defensive issue in the charge.*

In his fourth complaint of ineffective assistance of counsel, McGarity argues that his defense attorney failed to request the proper defensive issue by not requesting the instruction of protection of life or health. The defense of protection of life or health provides that a person is justified in using force, but not deadly force, against another when he reasonably believes the force is immediately necessary to prevent the other from committing suicide or inflicting serious bodily injury to himself. *See* TEX.PEN.CODE ANN. § 9.34 (Vernon 1994). "Reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant. *See* 8 MICHAEL J. MCCORMICK ET AL., TEXAS PRACTICE: TEXAS CRIMINAL FORMS AND TRIAL MANUEL § 103.20 (10th ed. 1995 & Supp.1999).

Recently, the Texas Court of Criminal Appeals was faced with a similar issue in *Young v. State*, 991 S.W.2d 835 (Tex.Crim. App.1999). In *Young*, the court was faced with the issue of whether defense counsel was deficient for failing to request a jury instruction on the defense of necessity. In answering this question, the court looked to the definition of necessity, and the facts articulated in the record. *Young v. State*, 991 S.W.2d 835, at 838 (Tex.Crim.App. 1999). The court held that by definition, necessity has always been a justification for conduct which would otherwise be criminal. *Id.* The court noted that the purpose of such a defense has been to enable the social policy of promoting the greater good; that is, preventing greater harm from occurring than the harm which would result from violating it. *Id.* As such, in order for necessity to be raised, the defendant must admit to violating the statute with which he or she is charged and then offer necessity as a justification. *Id.* A review of the record, particularly Young's testimony, revealed that he did not admit to the charged offense of attempted murder.[2] *Id.* at 839. Rather, he denied maintaining the requisite intent and performing the actions alleged by the State. *Id.*

We find *Young* to be analogous to the present case. Like the defense of necessity, the defense of protection of life or health is a justification defense incorporated under Chapter 9 of the Texas Penal Code. As such, the defendant must admit to committing the act on which he or she is charged. In the instant case, McGarity did not admit to hitting Woodard and breaking her jaw. Instead, he testified that he believed her to be suicidal and believed she was heading towards a window. As a result, he grabbed her and threw her on the bed to stop her from jumping. Like Young, McGarity denies the very intent necessary to commit the act on which he is charged. Given these circumstances, we cannot assume that McGarity's testimony raised the defense of protection of life or health. *See Young*, at 838. Accordingly, we do not find trial counsel's performance was deficient for failing to raise the defense of protection of life or health.

Considering the totality of the representation provided to McGarity by trial counsel, we conclude that trial counsel reason-

---

**2.** Young was the subject of a civilian arrest by Brad and Don Hilliard. At the time of the alleged offense, all three men were in the Hilliard truck. Don Hilliard testified that as he attempted to flag down a police officer, Young threatened him and told him to stop the vehicle. When Hilliard did not comply, Young placed his foot on the gas pedal and grabbed the steering wheel. This caused the truck to career off the road and crash into a set of gasoline pumps at a convenience store. Young, on the other hand, denied ever threatening Hilliard and placing his foot on the gas pedal and grabbing the steering wheel.

ably rendered effective assistance. Thus, this issue is overruled.

### Legal Sufficiency and Factual Sufficiency

In his third and fourth issues, McGarity complains that the evidence was legally and factually insufficient to support his conviction. Specifically, McGarity contends that there was no evidence presented by the State that proved that appellant intentionally caused the bodily injury of Sheryl Woodard.

In reviewing a legal sufficiency challenge, we view the entire body of evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Williams v. State,* 937 S.W.2d 479, 482–3 (Tex.Crim.App.1996). This standard is the same for both a direct and circumstantial evidence case, and the prosecution need not exclude every other reasonable hypothesis except the guilt of the accused. *See Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App.1993), *cert. denied,* 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994).

In reviewing a challenge to the factual sufficiency of the evidence, we must view all the evidence without regard to whether the evidence is favorable to the State or the appellant. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). We consider all of the evidence equally, being appropriately deferential to the fact finder's determination. *See id.* at 133. Following such a review, we will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* at 135. While we must review the evidence on both sides, we are required to show appropriate deference to the trier of fact by not substituting our judgment for theirs. *See De Los Santos v. State,* 918

S.W.2d 565, 569 (Tex.App.—San Antonio 1996, no pet.). Furthermore, conflicts in the testimony are for the jury to resolve. *See id.*

In the instant case, McGarity was charged with the offense of assault causing bodily injury. The Texas Penal Code § 22.01 provides that a person commits an offense of assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." *See* TEX.PEN.CODE ANN . § 22.01 (Vernon 1994).

To begin the analysis, we will review the entire body of evidence to determine whether a rational trier of fact could have found the essential elements of an assault causing bodily injury to convict McGarity beyond a reasonable doubt. Woodard stated that on the morning of February 24, 1997, she was on her way to work and met with McGarity at a store. McGarity convinced Woodard to come by and see him and subsequently went with McGarity to his apartment. At the apartment, McGarity accused Woodard of stealing money and drugs, and having a relationship with one of his friends. McGarity told Woodard he was not going to let her go until she admitted to doing these things. Woodard told McGarity that his accusations were not true and that she needed to go to work. McGarity pushed her and then hit her in the face with his fist, fracturing her jaw. Woodard convinced McGarity that she needed to go to the hospital and McGarity accompanied Woodard on the bus until he became alarmed that Woodard would turn him in to the police. Woodard was treated at the hospital and remained in the hospital for a week due to her injury. During rebuttal testimony, Woodard identified McGarity and testified that he did in fact assault her on February 24, 1997. Woodard further testified that she was not suicidal nor did she try to jump out the window as McGarity had claimed.

In addition, the doctor who treated Woodard's injury testified that Woodard

did not appear to be high on drugs. Also, the police officer who arrived at the hospital to answer the assault call, testified that Woodard told him she had been assaulted.

In contrast, McGarity testified that Woodard had been his caretaker for a number of years and took care of his checks and other money items. McGarity further testified that the events leading up to the trial actually began on the night of February 23rd about 10:30 or 11:00 p.m. and that Woodard was on drugs, suicidal, and was going to jump out the window. McGarity claimed he never had any intention of hurting Woodard, but just wanted to catch her and calm her down. McGarity maintained that he did not hit Woodard, and when he had walked into the house on the night of February 23, 1997, she was already injured. Furthermore, McGarity insisted he did not know how Woodard received her injuries, but that he did not hit her.

On appeal, McGarity contends that the only evidence admitted to support the conviction was his testimony stating that he was with Sheryl Woodard at some point on the day in question. In addition, there was the impermissible identification of McGarity by Woodard during the trial. McGarity contends that were it not for defense counsel's ineffective assistance of counsel, the jury would not have had that evidence in front of them. We disagree.

The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See Barcenes v. State,* 940 S.W.2d 739, 744 (Tex.App.—San Antonio 1997, pet. ref'd). Likewise, the jury is entitled to draw reasonable inferences from circumstantial evidence to ultimate facts. *See Kapuscinski v. State,* 878 S.W.2d 248, 249 (Tex.App.—San Antonio 1994, pet. ref'd). In the instant case, the jury judged the credibility of all the witnesses and drew reasonable inferences from the evidence which resulted in McGarity's guilty verdict. Viewing the entire body of evidence in the light most favorable to the prosecution, we hold that any rational trier of fact could have found the essential elements of assault beyond a reasonable doubt. Because there is evidence sufficient to find all of the elements of assault, we overrule this issue. In addition, because the jury resolved the conflicts in the testimony by believing Woodard's testimony over McGarity's, we do not find the weight given the evidence to be wrong or unjust. We hold the evidence was both legally and factually sufficient to support the verdict.

Accordingly, we overrule appellant's issues on appeal and affirm the judgment of the trial court.