COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

JOHNNY
DAVID SCOTT,                                  )                    No. 
08-01-00388-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      394th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of Brewster County, Texas

                                                                              )

Appellee.                           )                               (TC# 3595)

 

O
P I N I O N

 

Johnny
David Scott appeals his conviction for injury to an elderly person.  A jury found Appellant guilty and assessed
his punishment at imprisonment for a term of two years, suspended for two
years.  We reform the judgment to reflect
the correct county of conviction and affirm the judgment as reformed.[1]

FACTUAL SUMMARY








Sixty-seven-year-old
JoAnne Kempf lived with
Appellant in her home in Terlingua for five to six
years.  On June 24, 2001, Kempf and Appellant had been drinking with friends during
the afternoon and early evening.  After
their friends left, Appellant and Kempf began
discussing whether Appellant should fight a friend.  Kempf told
Appellant he should not fight because the man was a friend.  Appellant suddenly picked up Kempf by the arms, threw her onto the bed, and began
slapping her legs and arms.  Appellant
picked her up again and threw her to the floor, causing pain in her hip.  The blows also resulted in bruising on Kempf=s
legs and arms.  Kempf
ran out of the house and drove to La Kiva, an RV park
restaurant.  She had one drink and left.
When she arrived home, Appellant was asleep and she went to bed.

The
following morning when Appellant became belligerent, Kempf
drove to the home of her daughter, Gay Davidson, who lived approximately
one-quarter mile from Kempf=s
home.  Kempf
was distraught and trembling when Davidson saw her.  Davidson also noticed that her mother had
bruises on her arms and hands and walked with a limp.  After Davidson=s
husband arrived home from work, they drove Kempf to
the Family Crisis Center in Alpine.  An
advocate at the Family Crisis Center took photos of Kempf=s injuries.  The next morning, Davidson drove Kempf to El Paso to catch a plane to California where she
stayed with her sister.  Kempf remained in California for a month before returning
to Alpine and filing assault charges against Appellant.  Afterward, Kempf
returned to California.








Appellant
testified in his own defense, providing a different version of the events of
June 24.  He did not recall that friends
had been at their home.  At about 5:30
p.m., Kempf wanted to go to happy hour at La Kiva.  Appellant
refused to drive her because Kempf had already had so
much to drink that she could not walk without assistance and he
Adidn=t need another DUI.@ 
Kempf insisted she would drive and started out
of the door.  Appellant blocked the door
and tried to convince her to lay down for awhile.  Kempf would not
listen and Appellant walked her backwards to the bed until she sat down.  Appellant put her legs up on the bed and held
her arms and legs down until she fell asleep. 
He grabbed her arms only to restrain her and to prevent her from hurting
herself.  He believed he had held her
down for just a few minutes.  Appellant
denied throwing Kempf on the bed or the floor.  The following morning, Appellant noticed that
Kempf was angry with him.  When he asked her what was wrong, she
replied, ADon=t you know?@ and suddenly
left the house.  Appellant did not hear
from Kempf for several weeks.  The only telephone conversation occurred when
Kempf called Appellant, and upon hearing his voice
said, AIf you are there, I am not coming home.@ 
Kempf quickly hung up the phone.  Appellant was unable to find out where Kempf had gone, but he initially believed she was in an
alcohol rehabilitation center.  Kempf=s
son-in-law eventually told Appellant that she was with her sister in California
and that he should move out of Kempf=s home.

A
grand jury indicted Appellant for three counts of injury to an elderly
person.  The State abandoned Count III
prior to trial.  After the close of
evidence at the guilt-innocence phase, the State elected to proceed on Count II
which alleged that Appellant intentionally and knowingly caused bodily injury
to Kempf by hitting her with his hands.  The trial court rejected Appellant=s request for a jury instruction on the
defense of necessity because Appellant had not admitted the offense alleged in
the indictment.  The jury found Appellant
guilty of Count II.

NECESSITY








In
his sole point of error, Appellant argues that the trial court erred in
refusing to instruct the jury on the defense of necessity.  Upon timely request, a defendant has the
right to an instruction on any defensive issue raised by the evidence, whether
such evidence is strong or weak, unimpeached or
contradicted, regardless of the trial court=s
opinion of the credibility of the evidence.  
See Hamel v. State, 916 S.W.2d 491, 493 (Tex.Crim.App.
1996); Miller v. State, 815 S.W.2d 582, 585 (Tex.Crim.App.
1991).  Section 9.22 of the Penal Code
provides that the defense of necessity is available for criminal conduct only
if (1) the defendant reasonably believes his conduct is immediately necessary
to avoid imminent harm, (2) the desirability and urgency of avoiding the harm
clearly outweighs the harm sought to be prevented by the law prescribing the
conduct, and (3) a legislative purpose to exclude the justification claimed for
the conduct does not otherwise appear.  Tex.Pen.Code Ann. ' 9.22 (Vernon 1994).  In order for the evidence to support
submission of an instruction on necessity, the defendant must admit to the
offense but claim justification for having committed the offense because of
other facts.  Young v. State, 991
S.W.2d 835,  839
(Tex.Crim.App. 1999); McGarity
v. State, 5 S.W.3d 223, 230 (Tex.App.--San
Antonio 1999, no pet.); Maldonado v. State, 902 S.W.2d 708, 712 (Tex.App.‑‑El Paso 1995, no pet.).  Here, Appellant admitted grabbing Kempf=s
arms and holding her down on the bed in order to prevent her from driving while
intoxicated but he never admitted striking her with
his hands.  Because Appellant failed to
admit to the charged offense, he was not entitled to the requested
instruction.  See McGarity,
5 S.W.3d at 230 (defendant, who never admitted to charged conduct of hitting
victim=s face
with his hand, was not entitled to assert defense of necessity to assault
charges, despite defendant=s
allegations that he threw victim on bed to prevent her from committing suicide
by jumping out window).  Accordingly, we
overrule Appellant=s sole
point of error and affirm the judgment of the trial court.

 

 

October 24, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  The judgment
erroneously stated Presidio County.