Opinion issued December 16, 2004.








In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01225-CR




RAYNOR EUGENE BARRETT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 881939




MEMORANDUM OPINION

          A jury found appellant, Raynor Eugene Barrett, guilty of felony theft and
sentenced him to 99 years’ confinement in the Texas Department of Criminal Justice-Institutional Division. In his sole issue, appellant challenges the factual sufficiency
of the evidence. We affirm.
Background
          On or about June 1, 2001, appellant visited Nxcess Motorcars, a luxury car
dealership owned by Richard Ong, and spoke with salesman Kevin Chu about
purchasing a 1999 Mercedes S420, valued at $45,000. After making a photocopy of
appellant’s driver’s license and insurance, Chu accompanied appellant on a test drive. 
Appellant left that day without purchasing the car. Appellant returned a couple of
days later to buy the car, but expressed that he wanted to first have it inspected by a
mechanic. Chu allowed appellant to take the car. Chu spoke to appellant on his cell
phone for the next few days, but Chu was later unable to contact appellant. Chu
visited the address listed on appellant’s driver’s license twice, but never spoke to
appellant. Chu also contacted the insurance carrier that appellant provided him, but
was unable to get any information because he was informed that they did not insure
appellant. Ong reported the car stolen. 
          A couple weeks later, Houston Police Department (“HPD”) Sergeant Marion
Green located appellant living at an address different from the address that he gave
Chu. Green also located the stolen car at the same address and had it towed to a
storage facility. When Green questioned appellant about the car, appellant asserted
that Tropical Storm Allison had prevented him from returning the car. At trial,
appellant testified that he never had any intent to steal the car.
Factual Sufficiency
          Appellant contends that the evidence is factually insufficient to support his
conviction for felony theft. Specifically, appellant asserts that the State failed to
prove that he had the requisite intent to steal the vehicle.
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). 
          We must also employ appropriate deference so that we do not substitute our
judgment for that of the fact finder. See Zuniga v. State, 144 S.W.3d 477, 482 (Tex.
Crim. App. 2004). Our evaluation should not intrude upon the fact finder’s role as
the sole judge of the weight and credibility given to any witness’s testimony. Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight to be given
contradictory testimonial evidence is within the sole province of the fact finder
because it turns on an evaluation of credibility and demeanor. Id. at 408. The fact
finder is entitled to judge the credibility of the witnesses and may choose to believe
all, some, or none of the testimony presented. Id. at 407.
     In this case, Chu testified that he permitted appellant to take the car to be
inspected. However, appellant testified that he never had the vehicle inspected. Chu
testified that he did not locate appellant at the address listed on appellant’s driver’s
license and that the insurance company listed on appellant’s insurance card informed
Chu that appellant was not insured by them. Chu further testified that appellant never
made any attempts to return the car and that after the “second or third day” after
appellant took the car, Chu lost contact with appellant. Sergeant Green testified that,
once he told appellant that an arrest warrant would issue, appellant began contacting
him “to work out a deal to [avoid going to jail].” Officer Green also testified that
appellant failed to turn himself in and that, after several unsuccessful attempts to
execute the arrest warrant, appellant seemed to disappear.
     In response, appellant testified that he never intended to deprive or steal the
vehicle from the dealership. Appellant testified that he had difficulty getting the
vehicle inspected because his mechanic was unavailable. Appellant also claimed that
he told Chu about this problem and that Chu did not object. Appellant further
testified that he kept the vehicle because he was concerned about its condition after
Tropical Storm Allison. Appellant also testified that he failed to give Chu his current
address because Chu told him that “it didn’t matter.” Moreover, appellant testified
that he and Chu were in constant contact and that he always “[answered] his phone.” 
Appellant also testified that he did not return the vehicle because he told Chu to come
pick it up and that Chu knew where the vehicle was located. 
     Having viewed all of the evidence in a neutral light, we find that the evidence
supporting appellant’s conviction is not too weak to support the finding of guilt
beyond a reasonable doubt; nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met. As we stated earlier, the fact
finder is entitled to judge the credibility of the witnesses and may choose to believe
all, some or none of the testimony presented. Cain, 958 S.W.2d at 407. When the
evidence is conflicting, the jury’s verdict is generally regarded as conclusive. See
McGarity v. State, 5 S.W.3d 223, 232 (Tex. App.—San Antonio 1999, no pet.). We
hold that the evidence demonstrates that the jury was rationally justified in finding
appellant guilty beyond a reasonable doubt. King v. State, 29 S.W. 3d 556, 562 (Tex.
Crim. App. 2000).
     We overrule appellant’s sole issue.                                               
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.