# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00291-CR

**Jose Villarreal, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 08-1231-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Jose Villarreal was found guilty of assault on a family or household member, second offense. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A) (West Supp. 2009) (enhancing punishment for family violence assault with previous conviction).[1] Villarreal complains of the district court's refusal to submit to the jury an instruction as to defense of property. *See id.* § 9.41 (West 2003) (protection of one's own property). We affirm.

Villarreal was arrested on August 18, 2008, and was charged by indictment with assault on his girlfriend, Kristi Solis. A jury trial was held in May 2009 in which Villarreal pleaded not guilty to the assault.

---

[1] The indictment also contained a penalty paragraph alleging that Villarreal had been convicted previously of a felony offense (driving while intoxicated). The jury found the penalty paragraph true. *See* Tex. Penal Code Ann. § 12.42(a)(3) (West Supp. 2009) (elevating range of punishment from third degree felony to second degree felony).

According to the testimony at trial, Villarreal was living in a motel room during the summer of 2008, and Kristi Solis, his girlfriend, had been staying with him for a month and a half. On August 17, at about 7:00 p.m., Solis left with a friend to "go get high" on crack cocaine. She returned to the motel room the next morning some time before 5:00 a.m. Upon her return, she and Villarreal began fighting, apparently due to his frustration regarding Solis's failure to successfully quit her drug addiction.

Alejandro Zarate was on duty as the manager of the motel as of 5:00 a.m. Zarate testified that he twice heard noises from Villarreal's motel room which sounded like loud stomping or hitting against the wall, and that both times he knocked on the door to the room to ask them to be quiet. Shortly thereafter, he saw Solis running down the outside stairs with no shoes, screaming "don't let him come after me" and "call the cops." As she proceeded along the street, Zarate saw Villarreal walk by, run after her as soon as he rounded the corner, grab Solis from behind, and fall into a roadside ditch together with her. At that point, Zarate called the police.

Officer Mike Culp with the Taylor Police Department responded to the 5:12 a.m. call. He testified that when he arrived at the motel parking lot, he did not see any disturbance. He then heard a female scream (his patrol car window was open and he had not turned on his police siren) and saw a hand rise from the ditch and "go back down really quick." As he exited his patrol car, he observed Villarreal on top of Solis, hitting her in the face and head area with his fist. Officer Culp told Villarreal to stop, but he did not stop until Officer Culp pointed his gun at him and said he would shoot if Villarreal did not stop. Zarate likewise testified that he did not see Villarreal raise his hands from the ditch until Officer Culp said "I will shoot."

2

According to Solis's testimony, when she returned to the motel room after getting high with her friend, she and Villarreal began arguing, fighting, and "pushing each other around." At some point during the fighting, Villarreal burned Solis's face with a cigarette, although she testified that it did not happen intentionally. Solis then went down the outdoor stairs, and Villarreal threw several hundred dollars at her from the balcony in front of the motel room. Solis picked up all the money and returned to the room, but returned only part of the money, claiming that she had given the rest to the motel's night manager. Villarreal realized she was lying, and their fighting resumed. Villarreal pushed Solis into the bathtub and choked her. After Villarreal stopped choking her, Solis ran outside. When Villarreal caught up to Solis by the road, he tackled her and pulled her into the roadside ditch. According to Solis, Villarreal choked her again but did not punch her. She did testify, however, that during their fighting his striking her caused her pain. Villarreal got up off of Solis when the police officer pointed a gun at him.

According to Villarreal's testimony, when Solis first returned to the motel room, he did not want her to stay with him anymore, and they began arguing. He alleged that he may have pulled off her earrings at that point, but did not remember doing so. After Solis left the room, he noticed that some of his money was gone. Solis returned, gave him fifty dollars back, and told him she had given the rest of it to the motel manager. Solis left again, and when Villarreal realized she was lying regarding the money, he pursued her and grabbed her and they both fell into the ditch. When the police officer arrived, Villarreal told the officer all he wanted was his money. Villarreal denied hitting or choking Solis at any point. He gave no testimony concerning the cigarette burn.

Photographs of Solis's injuries were admitted into evidence at trial. They showed discoloration on Solis's face, which she alleged happened during her struggle with Villarreal. They

3

also showed a cigarette burn on her face, as well as injuries on her ears resulting from her earrings being pulled out.  There were also photographs of bruises on her arms and scratches on her back.

During the charge conference, defense counsel objected to the jury charge and requested a jury instruction regarding defense of property.  The district court denied the requested instruction.  The jury found Villarreal guilty, and assessed his punishment at confinement for sixteen years in the Correctional Institutions Division of the Texas Department of Criminal Justice.  The district court sentenced Villarreal in accordance with the jury's verdicts.

Villarreal appeals.  In a single issue, he complains that the district court erred in refusing to submit to the jury an instruction as to defense of property.  Protection of one's own property is a defense to prosecution for assault.  *See id.* § 9.02 (West 2003).

> A person unlawfully dispossessed of . . . tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to . . . recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and . . . the other accomplished the dispossession by using force, threat, or fraud against the actor.

*Id.* § 9.41(b).  Villarreal contends that his use of force against Solis was justified in order to recover the money that she had fraudulently taken from him.

A defendant has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence.  *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).  This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence.  *Id.*  In deciding whether a defensive issue is

4

raised, we view the evidence in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

However, a defendant is not entitled to an instruction on a defensive issue when he denies committing the conduct with which he is charged. *See Ex parte Nailor*, 149 S.W.3d 125, 132-33 (Tex. Crim. App. 2004) (defendant alleged that he did not strike victim with hand and that her injury was accidental); *McGarity v. State*, 5 S.W.3d 223, 226-27 (Tex. App.—San Antonio 1999, no pet.) (defendant charged with assault by hitting victim in face, but claimed he threw victim on bed but did not hit her). For the defendant to be entitled to an instruction, there must be some defensive testimony to the effect that the defensive issue applies. *See VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex. App.—Austin 2005, no pet.). Therefore, we look to Villarreal's testimony to determine whether he admitted to the conduct with which he was charged.

Villarreal was charged with intentionally, knowingly, or recklessly causing bodily injury to Solis by (1) "burning Kristi Solis with a cigarette," (2) "choking Kristi Solis with the defendant's hands," or (3) "striking Kristi Solis with the defendant's hands."[2] Villarreal testified that he did not choke Solis. He further testified that he never hit Solis and that Officer Culp was lying when he stated that he saw Villarreal punching Solis.[3] Villarreal did not admit to burning Solis with a cigarette. Moreover, the only evidence regarding the timing of the cigarette burn was Solis's

---

[2] In the indictment, Villarreal was also charged with assault by "biting Kristi Solis with the defendant's teeth," but this form of conduct was removed from the jury charge prior to its submission to the jury.

[3] We do not consider Villarreal's testimony that at one point he may have pulled off Solis's earrings and that at another point he grabbed her to constitute evidence of "striking" Solis with his hands as set out in the jury charge.

testimony that it occurred when they first started fighting—which was before she took any of Villarreal's money—and there is no evidence to the contrary. Therefore, Villarreal was not entitled to an instruction on the defensive issue of defense of property, and the district court did not err in refusing to submit the instruction to the jury. We overrule Villarreal's sole point on appeal.

Having overruled Villarreal's sole point on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: October 13, 2010

Do Not Publish