COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ROBERTO CASTILLO, | § | No. 08-11-00142-CR |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 4 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20100C03071) |
| | § | |

## **O P I N I O N**

Roberto Castillo appeals from his conviction for the misdemeanor offense of assault causing bodily injury--family violence. On appeal, Appellant complains of the trial court's refusal to submit a jury instruction as to defense of property. *See* TEX.PENAL CODE ANN. §§ 9.02, 9.41(a), (b)(West 2011)(providing that protection of one's own property as a justification defense to prosecution for assault). For the reasons that follow, we affirm.

### FACTUAL BACKGROUND

Appellant was charged by information with the misdemeanor offense of assault causing bodily injury - family violence. Specifically, the information alleged that, on or about November 20, 2009, Appellant intentionally, knowingly, and recklessly caused bodily injury to Karla Castillo (his spouse) by "squeezing Karla Castillo's arm with [Appellant's] hand."

At the trial, Ms. Castillo testified regarding the incident giving rise to the charges. On November 20, 2009, she met Appellant at Wal-Mart because he was to give her some money to pay bills and purchase diapers for their son. Appellant brought her some diapers but when he told her that he was unable to give her any money, Ms. Castillo became upset and their conversation escalated into an argument. At some point during the argument, Ms. Castillo sat in Appellant's vehicle. Appellant asked her to get out, but she refused because Appellant had taken the keys to her vehicle and attached them to his own key ring. Appellant then attempted to drive off with Ms. Castillo still sitting in his vehicle while the passenger door was open.

Once Appellant stopped, Ms. Castillo reached over and removed the entire set of keys from the ignition. Appellant became upset, got out of the vehicle, and walked around to the passenger side to get the keys. Ms. Castillo was holding the keys in her right hand with a finger through one of the rings. Appellant started pulling at the keys, trying to remove them from Ms. Castillo's finger. Despite the pain, Ms. Castillo resisted. Appellant then grabbed Ms. Castillo's arm "and he squeezed it with force." She asked Appellant to let go because he was hurting her, but Appellant refused. Ms. Castillo then relented and released the keys.

Ms. Castillo explained that if Appellant had asked her nicely and offered to drive her back to her vehicle, she would have handed over his car keys. But he never asked nicely and instead only yelled before grabbing her arm. Her hand was swollen and she had scratches as well as a bruise on her arm. Photographs of Ms. Castillo's injuries were admitted into evidence.

During the charge conference, defense counsel objected to the jury charge and requested an instruction regarding defense of property which the trial court denied. The jury found Appellant guilty as charged. The trial court subsequently sentenced Appellant to serve 365 days

in the county jail and ordered him to pay a $4,000 fine. The jail sentence and $3,500 of his fine were probated, and Appellant was placed on community supervision for twelve months.

## CHARGE ERROR?

In his sole issue for review, Appellant contends he was entitled to an instruction on the justification defense of the use of force to protect one's own property because the defensive issue was raised by the evidence. The State counters that because the instruction addressed a justification defense, Appellant was required to admit to the charged offense before he could assert the defense. Alternatively, the State contends the trial court did not err because there was no evidence showing that Appellant reasonably believed that force was immediately necessary to recover the property -- a required element of proof of the protection of one's own property defense.

### *Standard of Review*

Appellate review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Crim.App. 1994); *Almanza v. State*, 686 S.W.2d 157, 174 (Tex.Crim.App. 1984)(op. on reh'g); *See Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex.Crim.App. 2009). We must determine whether error occurred. *Abdnor*, 871 S.W.2d at 732. If so, we must then analyze whether sufficient harm resulted from the error to require reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005). The degree of harm necessary for reversal depends on whether the appellant properly preserved the error by objection. *Id.*, *citing Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). Where, as here, error in the charge is preserved for review, reversal is required if the error caused "some harm." *Almanza*, 686 S.W.2d at 171.

### *Entitlement to Instruction*

We begin our analysis by determining whether Appellant was entitled to the instruction on defense of property under Section 9.41(a). While Section 9.41 does address the use of force to protect one's own property, Appellant's reliance on subsection (a) is misplaced. Subsection (a) applies when an actor in lawful possession of property is using force to prevent another's "trespass on the land or unlawful interference with the property." TEX.PENAL CODE ANN. §9.41(a). Subsection (b) provides:

> (b) A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and:
>
>> (1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or
>>
>> (2) the other accomplished the dispossession by using force, threat, or fraud against the actor.

TEX.PENAL CODE ANN. § 9.41(b). Here, Appellant had already been dispossessed of the car keys and was attempting to regain possession at the time force was used. Accordingly, subsection (b) applies. *See* TEX.PENAL CODE ANN. § 9.41(a), (b); s*ee e.g. Ordonez v. State*, No. 14-10-00132-CR, 2010 WL 5395808, at *3 (Tex.App.--Houston [14th Dist.] December 21, 2010, no pet.)(not designated for publication)(noting that because "the alleged owner of property already had been dispossessed of property and was attempting to regain possession at the time force was used, it is not section 9.41(a) but section 9.41(b) of the Penal Code that applies). In any event, Appellant was not entitled to the instruction because he did not admit to having committed any of the physically abusive conduct for which he was charged.

A defendant is entitled, upon a timely request, to an instruction on any defensive issue raised by the evidence, provided that (1) the defendant timely requests an instruction on that specific theory and (2) the evidence raises that issue. *Rogers v. State*, 105 S.W.3d 630, 639 (Tex.Crim.App. 2003); *see also Shaw v. State*, 243 S.W.3d 647, 662 (Tex.Crim.App. 2007)(recognizing the rule that when a defensive theory is raised by the evidence from any source and a charge is properly requested, it must be submitted to the jury). A defendant is entitled to such an instruction regardless of whether the evidence supporting the defensive issue is strong, feeble, unimpeached, or contradicted. *Walters v. State*, 247 S.W.3d 204, 209 (Tex.Crim.App. 2007). This is true even when the trial court thinks that the testimony is not worthy of belief. *Id.; see also Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999) (reiterating the well-settled rule that a defendant is entitled to an instruction on any defensive issue raised by the evidence without regard to the strength or credibility of the evidence raising it). This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence. *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App. 1991).

However, defense of property is a justification defense. *See* TEX.PENAL CODE ANN. § 9.02 (providing a defense to criminal responsibility in circumstances where the criminal conduct is "justified"); § 9.41 (defense of property). "This justification, by definition, does not negate any element of the offense, including culpable intent; it only excuses what would otherwise constitute criminal conduct." *Shaw*, 243 S.W.3d at 659. Therefore, a defendant is not entitled to an instruction on a justification defense when he denies committing the conduct with which he is charged. *See Ex parte Nailor*, 149 S.W.3d 125, 132-33 (Tex.Crim.App. 2004)(defendant alleged that he did not strike victim with hand and that her injury was accidental); *McGarity v. State*, 5 S.W.3d 223, 226-27 (Tex.App.--San Antonio 1999, no pet.)(defendant charged with assault by

hitting victim in face, but claimed he threw victim on bed but did not hit her). For the defendant to be entitled to an instruction, there must be some defensive testimony to the effect that the defensive issue applies. *See VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex.App.--Austin 2005, no pet.); *see also Maldonado v. State*, 902 S.W.2d 708, 712 (Tex.App.--El Paso 1995, no pet.) (noting that "[o]ne cannot establish that an act is justified without first identifying, or admitting to the commission of, the predicate act.").

Appellant was charged with intentionally, knowingly, or recklessly causing bodily injury to Ms. Castillo by squeezing her arm. Ms. Castillo testified that Appellant did in fact grab her arm and squeeze it, causing her arm to bruise. Appellant did not testify. His failure to do so, or to otherwise admit to the conduct upon which he was charged, prevents him from benefiting from the defense of property. *See Maldonado*, 902 S.W.2d at 712 (finding that where Appellant did not testify or otherwise admit his crimes prevented him from benefitting from the defense of necessity, a justification defense). Finding no error, we overrule Appellant's sole point and affirm the trial court's judgment.

July 24, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)