

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00223-CR

BRYAN SINOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 4
Denton County, Texas
Trial Court No. CR-2012-02854-D, Honorable Joe Bridges, Presiding

June 13, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Bryan Sinor appeals from his conviction by jury of the misdemeanor offense of deadly conduct[1] and the resulting sentence of thirteen months of community supervision. Through one issue, appellant contends the trial court erred in refusing to include in the charge to the jury his requested defensive instruction. We will affirm.

---

[1] Tex. Penal Code Ann. § 22.05(a) (West 2013).

Background

Because appellant does not challenge the sufficiency of the evidence to support his conviction, we will address only the evidence necessary to an understanding of his appellate issue.

Appellant was charged by information with "recklessly engag[ing] in conduct that placed Jacob Caswell in imminent danger of serious bodily injury by traveling at a high rate of speed in close proximity to a motor vehicle operated by Jacob Caswell or by operating a motor vehicle in a manner to cause a motor vehicle operated by Jacob Caswell to leave the roadway or by operating a motor vehicle in a manner that resulted in making contact with a motor vehicle operated by Jacob Caswell."

At trial, appellant testified he is a mechanic and his home near Krum, Texas, includes land on which he has a shop and on which are parked some 40 vehicles he has collected. Just after one o'clock one morning in March 2012, appellant was awakened by his dogs barking. He told the jury he saw an F-150 pickup truck, later determined to be driven by Jacob Caswell, on his property and, believing a theft was in progress, armed himself with a rifle, got into his Honda Civic, and tried to block the truck's passage from his property. But the truck left, and appellant followed. The vehicles traveled for several miles, sometimes at high rates of speed but slowing down at times for traffic. Both vehicles went through stop lights and signs without stopping. At one point, appellant's car and the truck made contact. The cause of that collision was disputed at trial. Caswell and his wife testified they lived nearby and merely had decided to go into town to get something to eat that morning.

Of the three manners and means of commission of the offense listed in the information, the trial court submitted only two to the jury. Having determined there was no evidence that the truck driven by Caswell left the roadway, the court instructed:

> Now, therefore, if you find from the evidence beyond a reasonable doubt that on or about the 5th of March 2012 in Denton County, Texas, that the Defendant, BRYAN SINOR, did then and there recklessly engage in conduct that placed Jacob Caswell in imminent danger of serious bodily injury by traveling at a high rate of speed in close proximity to a motor vehicle operated by Jacob Caswell or by operating a motor vehicle in a manner that resulted in making contact with a motor vehicle operated by Jacob Caswell, then you will find him guilty of deadly conduct as charged in the Information.

Analysis

In his appellate issue, appellant contends the trial court erred by not instructing the jury on the issue of the use of non-deadly force to protect property as he requested.

A trial court's decision not to include a defensive issue in a jury charge is reviewed for an abuse of discretion. *Love v. State,* 199 S.W.3d 447, 455 (Tex. App.—Houston [1st Dist.] 2006, pet. refd) (*citing Westbrook v. State,* 29 S.W.3d 103, 122 (Tex. Crim. App. 2000)). An accused is entitled to an affirmative instruction on any defensive issue raised by the evidence. *Hamel v. State,* 916 S.W.2d 491, 493 (Tex. Crim. App.1996); *Hutcheson v. State*, 899 S.W.2d 39, 42 (Tex. App.—Amarillo 1995, pet. ref'd). This is true irrespective of whether we or the trial court believes the evidence to be feeble, strong, unimpeached, contradicted, or incredible. *Id.* However, some evidence must touch upon each element of the defense*. Halbert v. State,* 881 S.W.2d 121, 124 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Texas law provides that a person may use non-deadly force to defend property under certain circumstances. Section 9.41 of the Penal Code states the following:

>    (a) A person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property.
>
>    (b) A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and; (1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or (2) the other accomplished the dispossession by using force, threat, or fraud against the actor.

TEX. PENAL CODE ANN. § 9.41 (West 2004).

Defense of property is a justification defense. TEX. PENAL CODE ANN. § 9.02 (providing a defense to criminal responsibility in circumstances where the criminal conduct is "justified"); TEX. PENAL CODE ANN. § 9.41 (defense of property). This justification, by definition, does not negate any element of the offense, including culpable intent; it only excuses what would otherwise constitute criminal conduct. *Shaw v. State,* 243 S.W.3d 647, 659 (Tex. Crim. App. 2007). Therefore, a defendant is not entitled to an instruction on a justification defense unless he admits to the criminal conduct with which he is charged. *Ex parte Nailor,* 149 S.W.3d 125, 132-33 (Tex. Crim. App. 2004); *see Young v. State*, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999) (describing application of justification defense of necessity, stating "[i]n order to raise necessity, a defendant admits violating the statute under which he is charged and then offers necessity as a justification"); *McGarity v. State,* 5 S.W.3d 223, 226-27 (Tex.

4

App.—San Antonio 1999, no pet.) (defendant charged with assault by hitting victim in face, but claimed he threw victim on bed but did not hit her). For the defendant to be entitled to an instruction, there must be some defensive testimony to the effect that the defensive issue applies. *See VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex. App.—Austin 2005, no pet.); *Maldonado v. State*, 902 S.W.2d 708, 712 (Tex. App.—El Paso 1995, no pet.) (noting that "[o]ne cannot establish that an act is justified without first identifying, or admitting to the commission of, the predicate act").

Appellant argues he was entitled to his requested instruction under Penal Code section 9.41(b). We first note that he contends such an instruction was entirely absent from the jury charge. This is incorrect. The trial court instructed the jury on defense of property, but limited the jury's consideration of the instruction to the manner and means alleging appellant operated a motor vehicle "in a manner that resulted in making contact with a motor vehicle operated by Jacob Caswell."

As to the other manner and means submitted to the jury, that alleging appellant placed Caswell in danger "by traveling at a high rate of speed in close proximity to a motor vehicle operated by Jacob Caswell," the trial court denied the requested instruction. The court did so because it agreed with the State's argument that appellant had denied traveling at a high rate of speed in close proximity to the Caswells' truck, and so was not entitled to a justification instruction as to that conduct. The State makes the same argument on appeal, and we find it persuasive.

Asked directly on cross-examination to address that manner and means of deadly conduct, appellant testified as follows:

Q. You didn't try and cause them to have wrecks? Didn't force them to drive a hundred miles an hour?

A. No. I was . . . a pretty good gap behind them most of the time because they were basically floored the whole time. And my little Honda couldn't keep up with that Ford.

Q. You didn't get close to them at a high rate of speed, did you?

A. No. Never were we traveling at a high rate of speed next to each other. There was at least five lengths of cars between us at any time we were traveling at a high rate of speed.

Elsewhere during his testimony, appellant denied that his conduct was reckless. We agree with the State appellant denied that he recklessly engaged in conduct that placed Jacob Caswell in imminent danger of serious bodily injury by traveling at a high rate of speed in close proximity to a motor vehicle operated by Jacob Caswell.

Caswell's wife, the passenger in the truck, testified appellant's car was on their bumper, and "was so close that we couldn't see the headlights almost the whole way." But because all the evidence of a defensive nature was to the effect appellant did not engage in such conduct, he was not entitled to the justification instruction as to that conduct. *Nailor,* 149 S.W.3d at 133; *Young*, 991 S.W.2d at 838. *See also Reed v. State,* No. 2-07-156-CR, 2008 Tex. App. LEXIS 3215, at *8 (Tex. App.—Fort Worth May 1, 2008, no pet.) (mem. op., not designated for publication) (noting same).

The trial court did not abuse its discretion by denying appellant's requested instruction as applied to that manner and means of committing the offense. We resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

6